The indictment states that the defendant Hawkins Cox unlawfully bedded and cohabited with a certain woman by the name of Hawkins, contrary to the act of the General Assembly in such case made and provided. I do not consider the law requires both parties to be before the court and put upon their trial at the same time in order to *Page 432 
support an indictment under this act. I discover nothing in the wording of the act to authorize such a construction. There are some cases in the books which go to prove the defendant may be thus prosecuted. Stra., 193, Rex v.Kinnersley and Moore. They were indicted for a conspiracy; and Kinnersley only was tried and found guilty. A motion was made in arrest of judgment because one only was found guilty, when the law requires two persons at least to form a conspiracy. It was answered, and so held by the Court, that as the case stood both were found guilty, although Moore was not, as Kinnersley was, concluded by the verdict. And so judgment may be given against one before the trial of the other. So one may be indicted and punished for a riot, if it is said to have been done by him, cum multisaliis. 3 Burr., 1263; 1 Ld. Ray., 484; 2 Salk., 593.
The possibility that some evil disposed man might procure himself to be indicted for fornication with some good and virtuous woman, I think, is too remote to govern this case. The penalty which would fall on the defendant by virtue of this act, the grand jury, the State's officer, the court, and her friends, would, in my opinion, be sufficient guards to protect her from such an outrage.
The motion to quash overruled.
HALL, J., LOWRIE, J., and RUFFIN, J., concurred in overruling the motion to quash.
SEAWELL, J., dissented.
(600)